Lin v. Sessions

BIA
Hom, IJ
A205 050 586

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand seventeen.

PRESENT:
       DENNIS JACOBS,
       REENA RAGGI,
       SUSAN L. CARNEY,
            *Circuit Judges.*
_____

YONGCAI LIN,
       *Petitioner,*

       v.                                      15-3693
                                               NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
       *Respondent.*
_____

FOR PETITIONER:          Zhen Liang Li, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Patrick
                         J. Glen, Senior Litigation Counsel;
                         Robert N. Markle, Senior Litigation
                         Counsel; Alanna R. Kennedy, Law
                         Clerk, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongcai Lin, a native and citizen of the People's Republic of China, seeks review of an October 19, 2015, decision of the BIA affirming an April 1, 2014, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongcai Lin,* No. A205 050 586 (B.I.A. Oct. 19, 2015), *aff'g* No. A205 050 586 (Immig. Ct. N.Y. City Apr. 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Lin has waived any challenge to the agency's denial of asylum as time barred. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Thus, the only issue before us is the agency's adverse credibility ruling.

We review the agency's adverse credibility ruling for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency

2

may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on the applicant's "candor, or responsiveness," and on discrepancies in the applicant's statements, and on discrepancies between an applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the determination that Lin was not credible.

First, the agency reasonably relied on a discrepancy between Lin's testimony and his asylum interview regarding whether he attended a government-sponsored church in China. In his asylum interview, Lin stated that he attended a government-sponsored church from the age of seven or eight (around 1997) until 2007, when he switched to a family church. But at his merits hearing, Lin testified that he had never been to a government-sponsored church. Lin does not dispute that this inconsistency exists. And his explanation—that his parents took him to the government-sponsored church only to "take a look"—is not compelling, particularly since it is inconsistent with Lin's statement that he attended the

3

government-sponsored church for 10 years. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) ("A petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony.'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

The IJ also reasonably relied on a four-year discrepancy regarding his attendance at the underground family church: Lin told the asylum officer that he attended a family church beginning in 2007, but testified at the hearing that he started attending that church around 2003. Confronted with this discrepancy, Lin did not dispute it, but stated that he attended the government-sponsored church just to observe and went to the family church afterward. This explanation does not resolve the inconsistency regarding when he started attending the family church. *Majidi*, 430 F.3d at 81.

Third, the agency reasonably relied on Lin's inconsistent descriptions of the beating he received while in detention. *See Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016). Lin's asylum application detailed his mistreatment as involving beating with fists, as well as slapping and kicking. At the hearing, Lin initially testified that the police used their

4

fists to beat him, responded "no" when asked if the police used anything else to beat him, and only agreed that he was kicked and slapped when confronted with the statement from his application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that IJ may rely on lack of responsiveness and inconsistencies); *Lianping Li*, 839 F.3d at 150 (upholding adverse credibility ruling where applicant "described the same incidents of persecution differently" in asylum application and testimony).

The agency also reasonably concluded that Lin's corroborating evidence was insufficient to rehabilitate his credibility or independently meet his burden of proof. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n. 5 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof."); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). In particular, Lin did not explain the absence of a letter from his parents describing their efforts to obtain evidence of his detention or release. Such a letter was reasonably available

5

given that Lin received other documents from his father and testified that he had asked his father to obtain a bond receipt from the authorities. *Chuilu Liu*, 575 F.3d at 199.

Given the foregoing inconsistencies and lack of corroborating evidence, the totality of the circumstances supports the agency's adverse credibility ruling. *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. Because Lin's claims for relief were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6